# IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAMONT SAPP,** | : | No. 1:14-cv-1105 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **DAUPHIN COUNTY JUVENILE** | ; | |
| **PROBATION,** | : | |
| Defendant | : | (Magistrate Judge Carlson) |
| | : | |

## MEMORANDUM

Pending before the Court is Magistrate Judge Carlson's Report and Recommendation (Doc. No. 5) and Plaintiff's objections thereto (Doc. No. 12.). For the reasons that follow, the Court will adopt Magistrate Judge Carlson's Report and Recommendation, overrule Plaintiff's objections, and dismiss the complaint with prejudice.

**I.     BACKGROUND**

On July 9, 2014, Plaintiff Shamont Sapp, an Oregon inmate proceeding pro se, filed the instant civil rights complaint against Defendant Dauphin Country Juvenile Probation Office. (Doc. No. 1.) Plaintiff is currently facing federal mail fraud charges in Oregon, stemming from an alleged scheme to obtain money from several Roman Catholic dioceses across the United States through false claims of childhood sexual abuse. (Id.) Apparently, proof of Plaintiff's fraud is found in juvenile criminal probation records that reveal Plaintiff's presence in Pennsylvania during times he claimed to have been victimized elsewhere. (Id.) Plaintiff alleges that the relevant records are inaccurate, yet has taken no steps to correct the inaccuracies since learning of them in 1996. (Id.) Plaintiff now brings this action for a violation of his due process rights, characterizing the allegedly incorrect records as false and defamatory. Plaintiff seeks

1

$7,000,000 in actual damages and compensatory damages, as well as $5,000,000 in punitive damages. (Id.)

Pursuant to the screening provisions of 28 U.S.C. § 1915, Magistrate Judge Carlson reviewed the pro se complaint, recommending that the Court grant Plaintiff leave to file in forma pauperis, but dismiss his entire complaint with prejudice because it is barred under the Eleventh Amendment and the applicable statute of limitations. (Doc. No. 5.) Plaintiff filed objections to the Report and Recommendation on July 18, 2014. (Doc. No. 12.) The matter is now ripe for disposition.[1]

## II. DISCUSSION

First, Magistrate Judge Carlson recommends that the Court dismiss the sole Defendant in the complaint because Eleventh Amendment sovereign immunity bars suit against a state or state agency in federal court. (Doc. No. 5 at 10-11.) Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Pennsylvania has not waived its sovereign immunity, and Congress has not specifically abrogated that immunity through authorizing legislation, so the Eleventh Amendment protects the state and a state agency like Defendant from suits for money damages. (Doc. No. 5 at 10-11) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996); 42 Pa. Stat. §§ 8521-8522.) Magistrate Judge Carlson also finds that Plaintiff's complaint is time-barred by the

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(c); M.D. Pa. Local Rule 72.3.

statute of limitations applicable to a Section 1983 action.  (Doc. No. 5 at 13.)  "Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state [so] Pennsylvania's two year statutory period applies to [these] claims."  <u>Smith v. Delaware Cnty. Court</u> 260 F. App'x 454 (3d Cir. 2008) (citing <u>Lake v. Arnold</u>, 232 F. 3d 360, 368 (3d Cir. 2000)).  Magistrate Judge Carlson found that because Plaintiff had knowledge of the inaccuracies in his juvenile records for nearly two decades, the statute of limitations bars civil claims against Defendant.  (<u>Id.</u> at 17.)  Magistrate Judge Carlson therefore recommends that Plaintiff's complaint be dismissed with prejudice, because Plaintiff asserts a claim only against an institutional defendant, and his only claim is barred by the Eleventh Amendment, so any attempt to amend the complaint would be futile.  (<u>Id.</u>); <u>see also</u>, <u>Johnson v. Dep't of Corr.</u>, No. 14-0896, 2014 WL 5823092, at *11 (M.D. Pa. Nov. 10, 2014)

Plaintiff's objections do not contest Magistrate Judge Carlson's legal findings regarding the Eleventh Amendment or the statute of limitations.  (<u>See</u> Doc. No. 12.)  Instead, Plaintiff's objections are limited to expressing his displeasure with Magistrate Judge Carlson's tone, stating that it "was very harsh and somewhat personal, one could feel the bias and hatred clearly."  (<u>Id.</u> at 1.)  Plaintiff also accuses Magistrate Judge Carlson of "twist[ing] plaintiff's words to his advantage" and "testif[ying] for the defendant."  It is also possible that Plaintiff is requesting that the Court adopt the Report and Recommendation, because he urges the Court to "[p]lease[] dismiss this action <u>with</u> prejudice."  (Doc. No. 12 at 2) (emphasis in original).

In any case, the Court finds that Plaintiff's objections to Magistrate Judge Carlson's recommendations are both unfounded and immaterial.  Having found no legal error in the Report

and Recommendation, the Court will adopt it.

## III.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Carlson's Report and Recommendation, overrule Plaintiff's objections, and dismiss Plaintiff's complaint with prejudice.  An order consistent with this memorandum follows.